FILED
JUN 04 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRODIE LEWIS,

    Plaintiff,

v.

CV 10-274-PK

OPINION AND ORDER

WAFIK A. ELSANADI,

    Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Brodie Lewis filed this action against defendant Wafik A. Elsanadi in Multnomah County Circuit Court on February 1, 2010. Elsanadi removed the action to this court on March 15, 2010, alleging federal subject-matter jurisdiction over Lewis' claims pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and Lewis' prayer for damages in excess of $75,000. Now before the court is Lewis' motion (#5) for remand. I have considered

Page 1 - FINDINGS AND RECOMMENDATION

Lewis' motion and all of the pleadings on file. For the reasons set forth below, Lewis' motion is denied.

## LEGAL STANDARD

Upon a party's motion, a federal court may remand a case to state court for lack of subject-matter jurisdiction at any time before the court issues a final judgment. *See* 28 U.S.C. § 1447(c). The party opposing the motion for remand has the burden of proving federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). After the court examines possible bases for federal jurisdiction, any remaining doubt favors remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), *citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

## MATERIAL FACTS

Lewis alleges that on February 18, 2008, Elsenadi negligently struck Lewis with his automobile while Lewis was riding his bicycle on East Burnside Street in Portland, Oregon. It is undisputed that, at the time the accident occurred, both Lewis and Elsenadi were residents of Oregon. Lewis filed this action almost two years later, on February 1, 2010. In his prayer for damages, Lewis indicates that he seeks $150,000 in non-economic damages and $34,905.32 in economic damages against Elsenadi.

It is Elsenadi's position that, at the time Lewis filed this action, Elsenadi had become a resident and citizen of the state of Florida. In support of his position, Elsenadi offers his own sworn declaration that he moved to Florida in November 2009, where he now maintains his residence, and that it is his present intention to remain indefinitely in Florida. Elsenadi further offers in support evidence that in November 2009 he surrendered his Oregon driver's license and

Page 2 - FINDINGS AND RECOMMENDATION

obtained a Florida driver's license, that in November 2009 he advised the Oregon DMV that his business enterprise, HEATruckLocators, LLC, had ceased operating in Oregon, that he registered to vote in Florida in December 2009, and that he signed an agreement to lease commercial property in Florida in HEATRuckLocators' name in December 2009.

## DISCUSSION

As a preliminary matter, I note that Lewis' motion is not in compliance with Local Rule 7-1(a), which requires that the first paragraph of any motion filed with this court certify that the parties made an unsuccessful, good faith effort to resolve their dispute, that the non-moving party refused to confer, or that one of the parties is an incarcerated *pro se* litigant. *See* L.R. 7-1(a)(1). Under Local Rule 7-1(a), the courts have discretion to deny any motion that fails to comply with this certification requirement. *See* L.R. 7-1(a)(2). Here, however, the arguments advanced in the parties' briefs strongly suggest that conferral would not have resulted in resolution of the parties' dispute. Moreover, I note that Lewis has made a belated effort to satisfy the requirements of Local Rule 7-1(a). I therefore decline to deny Lewis' motion under Local Rule 7-1(a)(2).

In support of his motion, Lewis argues that remand is appropriate because this court lacks subject-matter jurisdiction over his claim. In general, a defendant may properly remove an action from state court to federal court if the federal court would have had original subject-matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over controversies in excess of $75,000 between parties of diverse citizenship. *See* 28 U.S.C. § 1332(a).

Elsanadi removed this action on the ground that this court has subject-matter jurisdiction over Lewis' claim under Section 1332(a). It is undisputed that the amount-in-controversy

Page 3 - FINDINGS AND RECOMMENDATION

requirement of Section 1332(a) is satisfied, and further undisputed that Lewis was a citizen of Oregon at the time he filed this action. The parties' only dispute is over Elsanadi's state citizenship. Lewis argues that Elsanadi is a citizen of Oregon for purposes of the diversity analysis, whereas Elsanadi argues that he is a citizen of Florida. Elsanadi bears the burden of establishing that complete diversity exists between the parties. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-1107 (9th Cir. 2010), *citing Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

"To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (citations omitted). "A person's domicile is h[is] permanent home, where []he resides with the intention to remain or to which []he intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), *quoting Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). To effect a change of domicile, a person must take up residence in a different state with the intent to remain there permanently. *See id.* The courts of the Ninth Circuit consider multiple factors in determining a person's domicile, including without limitation "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750 (citations omitted). For purposes of determining whether complete diversity exists between the parties to a lawsuit, domicile is determined as of the time a lawsuit is filed. *See id.*; *see also Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).

Page 4 - FINDINGS AND RECOMMENDATION

Although Lewis offers evidence tending to support the undisputed proposition that Elsanadi was domiciled in Oregon at the time the accident occurred, the only evidence in the record bearing upon Elsanadi's state of domicile as of February 1, 2010, the date this action was filed, is Elsanadi's evidence that he took up residence in Florida in November 2009 with the intention to remain there indefinitely, that he surrendered his Oregon driver's license and obtained a Florida driver's license in November 2009, that he has been registered to vote in Florida since December 1, 2009, that he relocated his business to Florida in late 2009, and that his business has been leasing commercial property in Florida since December 2009. In the absence of any contravening evidence, Elsanadi has met his burden to establish that he was domiciled in Florida at the time Lewis filed his action. This court therefore enjoys subject-matter jurisdiction over Lewis' claims, removal to this court was proper, and no grounds exist for remand back to state court. Lewis' motion is denied.

## CONCLUSION

Lewis' motion (#5) for remand is denied.

Dated this 4th day of June, 2010.

Honorable Paul Papak
United States Magistrate Judge